[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Michael Dogali, filed a two count complaint against defendants Michael Prezkop and Safeco Insurance Company of America. In the first count, the plaintiff alleges that on or about November 7, 1988, he applied to Prezkop, as Safeco's agent, for a homeowner's insurance policy. Plaintiff alleges that pursuant to that application, the defendants agreed to provide the plaintiff with a policy which would insure his property located at 4 Stonegate Drive in Southbury against loss or damage caused by theft or vandalism.
CT Page 9317 The plaintiff further alleges that the insured property was damaged by theft or vandalism in August of 1989, and upon notice of the claim, defendant Safeco denied coverage on the basis that plaintiff's policy did not cover losses incurred by theft or vandalism. The plaintiff claims that the defendants breached the agreement to provide a policy that would insure his property against loss due to theft or vandalism.
In the second count, the plaintiff alleges that the defendants negligently failed to issue the type of policy that he had requested.
On February 24, 1992, the defendants filed an answer and special defenses. In the first special defense, the defendants claim that the plaintiff was contributorily negligent in failing to comprehend the terms of the policy. The defendants allege in the second special defense that the plaintiff's action against Safeco is barred by a policy provision which states that all suits against the insurer must be brought within one year after the loss or damage has occurred.
On February 28, 1992, the plaintiff filed a reply to the special defenses. On August 12, 1992, pursuant to Practice Book 378, defendant Safeco filed a motion for summary judgment and a supporting memorandum of law. The motion is grounded upon the one year limitation to commence suit contained in the insurance contract.
Practice Book 384 provides that summary judgment `shall be rendered forthwith if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" (Citation omitted.) Hammer v. Lumbermen's Mutual Casualty Co., 214 Conn. 573, 578. "The test for granting summary judgment is whether the moving party would be entitled to a directed verdict on the same facts." Wilson v. New Haven, 213 Conn. 277, 279-80 (1989). "The party moving for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts." Fogarty v. Rashaw, 193 Conn. 442, 445, (1984). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Connell v. Colwell, 214 Conn. 242, 246-47, (1990).
The plaintiff argues in objection to the motion that CT Page 9318 contractual time limitations such as the one at issue apply only to actions premised upon the contract itself. It is the plaintiff's position that his first count sounds in breach of contract to provide the policy agreed upon, and that the second count sounds in negligence, for failure to provide the requested coverage.
"A contractual limitation of time within which to bring suit applies only to actions upon the policy. . . . Such a limitation . . . does not apply to an action to recover damages for breach of a contract to issue a policy. . . ." 44 Am.Jur.2d, Insurance 1880.
In the first count of the plaintiff's complaint, the plaintiff has alleged a promise by the defendants to provide insurance against theft or vandalism, consideration on the part of the plaintiff for that promise, and performance of all conditions precedent by the plaintiff. Accordingly, the first count is one for breach of contract to provide insurance, and as such, is not an action upon the policy.
The plaintiff alleges in the second count that the defendants failed to issue the type of coverage that he had requested, and that such failure constitutes negligence. This count is not based upon the policy. It is based upon the defendant's failure to provide the proper policy.
The one year contractual time limitation for bringing a suit against the insurer does not apply to this action. The motion for summary judgment is denied.
BALLEN, JUDGE